1  JODI LINKER, Bar No. 230273
   Federal Public Defender
2  Northern District of California
   JAMIE HALPER, Bar No. 356371
3  Assistant Federal Public Defender
   19th Floor Federal Building - Box 36106
4  450 Golden Gate Avenue
   San Francisco, CA 94102
5  Telephone:    (415) 436-7700
   Facsimile:    (415) 436-7706
6  Email:        Jamie_Halper@fd.org

7

8  Counsel for Defendant BUNAND

9

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13

14  | UNITED STATES OF AMERICA, | Case No.: CR 24–557 TSH |
15  | Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
16  | v. | |
17  | NICOLAS BUNAND, | **Court:** Courtroom E, 15th Floor |
    | | **Hearing Date:** April 3, 2025 |
18  | Defendant. | **Hearing Time:** 9:30 a.m. |

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S SENTENCING MEMORANDUM
*BUNAND*, CR 24–557 TSH

1

## INTRODUCTION

Mr. Bunand comes before the Court upon a conviction for violating 18 U.S.C. § 1382, Trespassing on Military Property, a Class B misdemeanor. The maximum custodial sentence is six months, and the maximum period of probation is five years. Mr. Bunand is a lifelong Bay Area resident who recently overcame a years-long struggle with addiction and now works as an artisanal chocolate maker. He had no convictions prior to his arrest in this case.

Mr. Bunand deeply regrets his actions that led to this matter, and he accepts full responsibility for his conduct as reflected by his guilty plea. Mr. Bunand respectfully requests that the Court impose the joint sentencing recommendation of one year of unsupervised probation, a 100-yard stay away order from the Hunters Point Naval Shipyard in San Francisco, CA, and a mandatory special assessment fee of $10 to be paid on the day of sentencing.

## ARGUMENT

In sentencing Mr. Bunand, the Court must consider all the directives set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S.Ct. 558, 570 (2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2).

Section 3553(a) also directs the Court to consider a number of additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guidelines range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

Because this is a Class B misdemeanor, the Sentencing Guidelines do not apply. *See* U.S.S.G. § 1B1.9.

## I. The nature and circumstances of the offense support the recommended sentence.

On March 24, 2024, Mr. Bunand was arrested by the San Francisco Police Department for trespassing on the Hunters Point Naval Shipyard in San Francisco, CA. He was held in state custody for several days before eventually being released. Mr. Bunand's related state case was dismissed on July 29, 2024 upon his successful completion of pretrial diversion.

## II. Mr. Bunand's history and characteristics support the recommended sentence.

Mr. Bunand is 41 years old and lives in San Rafael. He currently resides with his parents, who are in their 70s and who he supports with managing their medical issues. At the time of his arrest, Mr. Bunand had been struggling with a decade of drug addiction and was living out of his car. He had previously been employed at his family's bakery, but it closed down in the midst of the Covid-19 pandemic. This, combined with his addiction, created the instability that led to the instant offense.

In the immediate aftermath of his arrest, he became sober and has successfully maintained his sobriety ever since. He began a job as an artisanal chocolate maker several months ago and is focused on advancing in his career. He is a trusted employee with individual access to the shop and often works there alone. His long-term goal is to own his own chocolate business.

Prior to this case, Mr. Bunand had no criminal convictions. This case was the wake-up call that prompted him to find sobriety and stability. He has truly turned around his life since his arrest, and looks forward to continuing to support his family and advance at work.

## III. The sentence jointly recommended by the government and defense is an appropriate sentence for this case in light of the § 3553(a) factors.

One year of unsupervised probation and a stay-away order from Hunter's Point Naval Shipyard constitutes an appropriate sentence in Mr. Bunand's case. He has successfully achieved stability and become a law-abiding, contributing citizen on his own after his arrest, and he looks forward to continuing on the same path. The proposed sentence reflects Mr. Bunand's acceptance of responsibility, the time he already served in custody upon arrest, and his demonstrated ability to get himself on the right track. It also reflects the challenging life circumstances he was facing at the time

of his conduct. He has since surrounded himself with the things that will prevent him from falling back into his previous situation—family, employment, and goals for the future. The proposed sentence is thus appropriate in this case.

## CONCLUSION

For the reasons set forth above, Mr. Bunand respectfully requests that the Court sentence him in accordance with the joint government-defense sentencing recommendation. Such a sentence would be sufficient but not greater than necessary to achieve the statutory purposes of § 3553(a).

Dated:     March 31, 2025                                     Respectfully submitted,

                                                              JODI LINKER
                                                              Federal Public Defender
                                                              Northern District of California

                                                                         /S
                                                              JAMIE HALPER
                                                              Assistant Federal Public Defender